UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NELSON WASHINGTON, | § | |
| | § | |
| Plaintiff, | § | |
| vs. | § | CIVIL ACTION NO. 4:14-CV-2511 |
| | § | |
| GULF STATES TOYOTA, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Pending before the Court is the defendant's, Gulf States Toyota, Inc. (the "defendant"), motion for partial summary judgment and brief in support (Dkt. No. 26).  The plaintiff, Nelson Washington (the "plaintiff"), has filed a response in opposition to the motion (Dkt. No. 27) and the defendant has filed a reply (Dkt. No. 28).  After having carefully considered the motion, response, reply, the record and the applicable law, the Court determines that the defendant's motion for partial summary judgment should be **GRANTED**.

### II.   FACTUAL BACKGROUND

The plaintiff, an African-American male, began working as an Operations Team Leader for the defendant on or about March 18, 2013 at its Spring, Texas location.  During his employment with the defendant, the plaintiff was responsible for managing installation operations and overseeing associates in the defendant's Vehicle Processing Center ("VPC").  On November 21, 2013, the plaintiff was terminated and escorted off the defendant's premises.  On December 17, 2013, he filed a Charge of Discrimination with the Texas Workforce Commission,

Civil Rights Division ("EEOC"), alleging claims against the defendant for sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

On May 30, 2014, the EEOC issued a Dismissal and Notice of Rights Letter to the plaintiff. (*Id.*, Ex. A-2). On September 2, 2014, the plaintiff filed the instant action against the defendant alleging claims of race discrimination and retaliation in violation of Title VII as well as a claim for violation of 42 U.S.C. § 1981. Subsequently, on September 16, 2014, the plaintiff amended his complaint to include a Title VII sex discrimination claim. On December 16, 2014, the plaintiff sought leave from this Court to amend his complaint to include two additional claims, alleging violations of the Fair Credit Reporting Act against the defendant relative to his employment application. On December 22, 2014, the Court entered an Order granting the plaintiff's motion for leave to file his Second Amended Complaint. (*See* Dkt. No. 19).

The defendant now moves for a partial summary judgment on the plaintiff's claim of race discrimination in violation of Title VII.

### III. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (citing *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted). Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (citing *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005) (citing *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but

only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (citing *Little*, 37 F.3d at 1075 (emphasis omitted)). Nonetheless, a reviewing court is not permitted to "weigh the evidence or evaluate the credibility of witnesses." *Boudreaux*, 402 F.3d at 540 (quoting *Morris*, 144 F.3d at 380). Thus, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

IV.    **ANALYSIS AND DISCUSSION**

The defendant moves for a partial summary judgment on the plaintiff's race discrimination claim in violation of Title VII, arguing that the plaintiff has failed to exhaust his administrative remedies with respect to that claim. Specifically, the defendant contends that although the plaintiff filed a charge of discrimination with the EEOC, he did not indicate race discrimination as a basis for his complaint nor did he reference any facts such that an EEOC investigation into race discrimination could have reasonably been expected to grow out of his initial charge of discrimination. The plaintiff, in contrast, maintains that he included facts relevant to race discrimination in his intake questionnaire and thus, an EEOC investigation into his claims of race discrimination could have reasonably been expected to grow out of his initial charge.

It is well settled that "[e]mployment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court. Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 - 79 (5th Cir. 2002) (citing *Dao v. Auchan Hypermarket*, 96 F.3d

787, 789 (5th Cir. 1996)). "Although [the] filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (citing *Dao*, 96 F.3d at 789). The purpose of this requirement is two-fold: (1) it affords "the EEOC and the employer an opportunity to settle the dispute through conciliation"; and (2) it gives the employer some notice "as to the conduct about which the employee is aggrieved." *Hayes v. MBNA Tech., Inc.*, No. Civ. A. 3:03-CV1766-D, 2004 WL 1283965, at *3 (N.D. Tex. June 9, 2004) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44, 94 S. Ct. 1011, 39 L. Ed.2d 147 (1974); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)). The resulting lawsuit that follows such charges "is limited to the 'scope' of the EEOC investigation [that] can reasonably be expected to grow out of the charge of discrimination." *Young v. City of Houston, Tex.*, 906 F.2d 177, 179 (5th Cir. 1990) (quoting *Sanchez*, 431 F.2d at 466)). Thus, a civil action brought pursuant to Title VII "may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quoting *Fellows v. Universal Rests., Inc.*, 701 F.2d 447, 451 (5th Cir. 1983)); *see also Sanchez*, 431 F.2d at 466.

The Fifth Circuit has described the scope of review as follows: "We engage in fact-intensive analysis of the statement given by the plaintiff in the administrative charge, and look slightly beyond its four corners, to its substance rather than its label." *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (internal citations omitted). "To be clear, we do not require that a Title VII plaintiff check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency." *Id.* at 792 (citing *Sanchez*, 431 F.2d at 463 –

65). Rather, "the crucial element of a charge of discrimination is the factual statement contained therein." *Manning v. Chevron Chem. Co., L.L.C.*, 332 F.3d 874, 879 (5th Cir. 2003) (quoting *Sanchez*, 431 F.2d at 462).

In this case, the plaintiff makes no reference to race in his Charge of Discrimination filed with the EEOC. On his charge form, in the section labeled, "DISCRIMINATION BASED ON (Check appropriate box(es).)," the plaintiff only checked the boxes for "Retaliation" and "Sex," and left the box for "Race" blank. In "THE PARTICULARS" section of his charge, he asserted the following:

> I. I was hired by Gulf States Toyota in March, 2013. I was employed as a Operations Team Leader. About 5- 6 weeks after I was hired, I complained to my Manager (Ayanna Betts) and the HR Manager (Kendance Culbreth) that a female co-worker, Myrisha Thomas, was engaging in inappropriate behavior towards me. No action was taken to investigate my concerns and Ms. Thomas retaliated against me. On November 6, 2013, I questioned Ms. Thomas regarding her failure to perform her job duties. During this conversation Ms. Thomas was rude and insubordinate and refused to leave the floor was [sic] instructed. This incident was reported to Ayanna Betts. We all met to discuss the incident. Later, Ms. Betts spoke with Ms. Thomas alone. I was instructed to write up the incident with a recommendation to terminate. The next day, Gary Blacklock, HR Rep. met with Myrisha Thomas. After the meeting I was told that she had accused me of making an inappropriate remark to her, hitting in [sic] the face with her check and putting my finger in her face. I was suspended pending investigation and on November 21, 2013, I was terminated.
>
> II. My supervisor and Human Resources were aware of the problems I was having with Myrisha Thomas. However, my complaints about her were not taken seriously. My Manager's response was that she felt Ms. Thomas "had a little crush" on me.
>
> III. *I believe that I have been discriminated against because of my sex, male and retaliated against*, in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Dkt. No. 26, Ex. A-1.) (emphasis added).

Indeed, the plaintiff does not allege race as a basis for discrimination in his charge nor does he assert any facts that would raise an inference that he is complaining of racial discrimination against his employer. In fact, the plaintiff does not even mention *his* race or the race of any other individual specifically identified in his charge. Moreover, based on the plaintiff's *own* admissions set forth in "THE PARTICULARS" section, his allegations of discrimination are premised on his belief "that [he] ha[s] been discriminated against because of [his] sex, male . . . and retaliated against, in violation of Title VII of the Civil Rights Act of 1964, as amended." (*Id.*, Ex. A-1.) Therefore, the plaintiff's claim of race discrimination is separate and distinct from his claims of sex discrimination and retaliation raised in his Charge of Discrimination filed with the EEOC.

Notwithstanding the aforementioned, the plaintiff contends that the facts pertaining to his claims of racial discrimination asserted in his intake questionnaire should be considered as part of his initial Charge of Discrimination. As support for his position, the plaintiff cites to *Federal Express Corp. v. Holowecki*, 552 U.S. 389, 405, 128 S. Ct. 1147, 170 L. Ed.2d 10 (2008). This Court determines, however, that the plaintiff's reliance on *Federal Express*[1] is misplaced for various reasons. First, *Federal Express* is factually distinguishable from the instant case in that it involved a claim arising under the Age Discrimination in Employment Act of 1967 ("ADEA"), which unlike the Title VII claim presented here, has no verification requirement. 552 U.S. 389, 405, 128 S. Ct. 1147, 170 L. Ed.2d 10 (2008). Second, the Supreme Court, in *Federal Express*, explicitly cautioned that the EEOC's enforcement mechanisms pertaining to Title VII "differ in some respects" from those relating to the ADEA. *Federal Express*, 552 U.S. at 393, 128 S. Ct. at 1153. It also advised that "[w]hile there may be areas of common definition, employees and

---

[1] It is also important to note that the plaintiff's intake questionnaire in *Federal Express* included a sworn, six-page affidavit detailing the plaintiff's claims.

their counsel must be careful not to apply rules applicable under one statute to a different statute without careful and critical examination." *Id.*  One of the most significant differences, although not specifically stated by the Court, is that Title VII requires verification.  *Evenson v. Sprint/United Mgmt. Co.*, Civil Action No. 3:08–CV–0759-D, 2008 WL 4107524, at *6 (N.D. Tex. Aug. 21, 2008) (reasoning that the ADEA has no provision parallel to its Title VII counterpart, mandating that a Title VII charge be verified); *see also* 29 C.F.R. § 1601.9 (requiring Title VII charges to be in writing, signed and verified).  The *Federal Express* Court further reasoned that a completed intake questionnaire that meets the EEOC's minimum regulatory prerequisites for a charge will not constitute a charge in *every* instance.  *Federal Express*, 552 U.S. at 397, 128 S. Ct. at 1155. (emphasis added).  Furthermore, the Fifth Circuit has recognized that in the absence of evidence that a defendant has received notice of the allegations contained in a plaintiff's intake questionnaire, an intake questionnaire "cannot substitute for a proper charge." *Harris v. Honda*, No. 05-11380, 2006 WL 3627671, *3 (5th Cir. Dec. 12, 2006).

It is undisputed that on or about November 21, 2013, the plaintiff completed an unsworn, intake questionnaire purportedly alleging claims of race discrimination.[2]  Approximately one month later, on December 17, 2013, he filed a sworn Charge of Discrimination with the EEOC, a copy of which was served on the defendant as notice of his formal charge of discrimination.  The plaintiff has failed to present any evidence that the defendant ever received actual notice of the contents of his intake questionnaire or of his intent to pursue a race discrimination claim against

---

[2] Even if the plaintiff's intake questionnaire were to be considered along with his initial charge of discrimination, this Court is of the opinion that it does not contain sufficient facts such that an EEOC investigation into the plaintiff's alleged race discrimination claim could have reasonably been expected to grow out of the allegations contained therein.  ̶Specifically, the plaintiff makes no mention of any racially motivated instances, does not check the box next to "race" as a basis for discrimination, and merely provides the demographical information for the individuals mentioned in response to a question expressly requesting such information.

it based upon his November 2013 interview. Therefore, the plaintiff's intake questionnaire cannot substitute for a properly verified charge and the plaintiff's failure to exhaust his administrative remedies with respect to his race discrimination claim precludes him from maintaining such a claim in the instant suit.

## V. CONCLUSION

Based on the foregoing analysis and discussion, the defendant is entitled to a judgment as a matter of law on the plaintiff's race discrimination claim. Accordingly, its motion for partial summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 16th day of June, 2015.

_____
Kenneth M. Hoyt
United States District Judge